IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BENCHOFF, : | |
| Plaintiff, | :CIVIL ACTION NO. 3:16-cv-01312 |
| : | |
| v. : | (Judge Mannion) |
| : | (Magistrate Judge Saporito) |
| LAUREL HARRY, Superintendent, : | |
| et al., : | |
| Defendants. : | |

FILED
WILKES BARRE
OCT 07 2016
Per _____

## MEMORANDUM

Plaintiff, Robert Benchoff, an inmate currently confined at SCI Camp Hill, Pennsylvania filed a habeas corpus petition, pursuant to 28 U.S.C. §2254. Presently pending before the court is plaintiff's motion to appoint counsel. (Doc. 10).

Appointment of counsel is discretionary with the court, See, 18 U.S.C. § 3006A(a)(2)(B), and counsel must be appointed for an indigent federal habeas corpus petitioner only when the interests of justice or due process so require. Schultz v. Wainwright, 701 F.2d 900 (11th Cir. 1983). No such conditions exist in the present case.

The Court in Wheeler v. Vaughn, 2004 WL 73728 *4, n. 3. (E.D. Pa.) stated as follows:

> Any person seeking habeas relief may be granted counsel if the court determines that the interests of

justice so require and such person is financially unable to obtain representation. 18 U.S.C. §3006A(a)(2)(B). "Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir.1991); of Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir.1993) (holding that district courts should consider the following factors in determining whether to appoint counsel pursuant to 28 U.S.C. §§1915(e)(1):
(1) the plaintiff's ability to present his or her own case, (2) the complexity of the legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, (4) the amount a case is likely to turn on credibility determination, (5) whether the case will require the testimony of expert witnesses, and (6) whether the plaintiff can attain and afford counsel on his own behalf.

In this case, Benchoff has demonstrated "a good understanding of the issues and the ability to present forcefully and coherently his contentions." Reese, 946 F.2d at 264 (quoting La Mere v. Risley, 827 F.2d 622, 626 (9th Cir.1987)). In his habeas petition (Doc. 1), Benchoff cites to relevant statutory and case law and, he details the factual background of his habeas claims. Benchoff also submitted exhibits with his habeas petition. He has filed motions on his own behalf in this case. Furthermore, the legal and factual issues raised in the habeas petition are

not difficult and overly complex. Moreover, Benchoff has not shown that this case will require in-depth factual investigations. Nor do we find that this habeas proceeding will require the testimony of expert witnesses. Finally, we doubt that the petitioner is able to afford counsel.

Therefore, at this juncture, we find that the interests of justice do not require the appointment of counsel in this case.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: October 7, 2016