# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BENCHOFF, :

    Petitioner : CIVIL ACTION NO. 3:16-1312

v. : (JUDGE MANNION)

LAUREL HARRY, Superintendent, :
SCI Camp Hill, et al.,
    :
    Respondents
    :

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., (Doc. 22), which recommends that the respondents' motion to dismiss the petition for writ of habeas corpus, (Doc. 17), filed in the above-captioned matter be granted for lack of subject matter jurisdiction pursuant to 28 U.S.C. §2244(b)(1) and (2), without prejudice to the petitioner's right to seek pre-authorization from the Third Circuit under 28 U.S.C. §2244(b)(3). Judge Saporito further recommends that the court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Upon review, the report of Judge Saporito will be adopted in its entirety.

By way of relevant background, on August 15, 1995, the petitioner was convicted in state court of one count of burglary and two counts of interference of custody of children, ("IOC"). He was sentenced to an

aggregate term of six (6) to thirty-two (32) years of incarceration.

On December 16, 2000, the petitioner first became eligible for parole. The notice of denial for the petitioner's 2000 parole review provided that the Board "has determined that the fair administration of justice cannot be achieved through your release on parole." The petitioner was again denied parole in 2001 and 2002, with the notice of denial on each of these occasions using the same stated language.

On June 27, 2002, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his conviction ("first petition"). This petition was denied and no appeal was taken by the petitioner. In the meantime, while his first petition was pending, on October 15, 2002, the petitioner filed another §2254 petition claiming that he was denied due process by the state parole board, ("Board"), when it failed to give a meaningful statement of reasons for the denial of his parole ("second petition"). <u>Benchoff v. Colleran</u>, <u>See</u> Civil Action No. 3:02-1885.[1]

In considering the October 2002 petition, the district court held that the petitioner did not have a procedural right to a statement of reasons for denial of parole because neither federal nor Pennsylvania state law created a substantive liberty interest in parole. The petitioner appealed the district

---

[1]Prior to filing the October 15, 2002, petition, the petitioner attempted various state court remedies which the court need not outline herein. <u>See</u> <u>Benchoff v. Colleran</u>, 404 F.3d at 814 n.1.

court's decision. See Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005).

On appeal, after considering what constitutes a second or successive petition under 28 U.S.C. §2244, the Third Circuit considered whether the petitioner could have raised his challenge to the Board's parole procedures in his first habeas petition which challenged his conviction.[2] The court observed that the petitioner was first denied parole on September 12, 2000, and again on September 14, 2001, and for a third time on October 1, 2002. In each of these denials, the court noted that the Board used the "fair administration of justice" language without giving the petitioner a statement of reasons. As such, when the petitioner filed his original habeas petition on June 27, 2002 challenging his conviction, two of the three parole decisions had already been issued. Since the petitioner had received two of the three parole decisions before he filed his first habeas petition, the court determined that the petitioner "knew of all the facts necessary to raise his [parole] claim before he filed his initial federal petition." Benchoff v. Colleran, 404 F.3d at 818 (citing Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003)).

Then, considering the issue of whether the petitioner had a legitimate excuse for failing to raise the parole claim in his first petition, the Third Circuit

---

[2]Neither party raised the successiveness issue either in the district court or on appeal. However, the Third Circuit addressed the issue *sua sponte* to ensure that it and the district court had jurisdiction to hear the merits of the petition. Benchoff v. Colleran, 404 F.3d at 815.

3

pointed out that every Court of Appeals to have addressed the issue required a petitioner to raise claims relating to his underlying conviction in the same petition as available claims dealing with the administration of the sentence. The Third Circuit determined that the petitioner was not excused from doing so in his case. Given that the October 2002 petition was successive, the Third Circuit found that the district court was required to have dismissed the petition because the petitioner had not satisfied the requirements of §2244's procedural and substantive requirements. Specifically, the petitioner failed to seek authorization from the Third Circuit prior to filing his successive petition in the district court as required by §2244(b)(3)(A). In any event, the court noted that such authorization would not be justified in that the exceptions for filing a second or successive petition enumerated in §2244(b)(2) were inapplicable to the petitioner. The Third Circuit found, therefore, that §2244 deprived the district court of subject matter jurisdiction to hear the petitioner's parole claim. As such, the judgment of the district court was vacated and the matter remanded with directions for the district court to dismiss the petition for lack of subject matter jurisdiction.

The petitioner went on to file two more habeas petitions on May 2, 2003 ("third petition") and July 25, 2013 ("fourth petition")[3]. By memorandum and

---

[3]The fourth petition filed on July 25, 2003 was dismissed for failure to state a claim and no appeal was taken by the petitioner.

order dated August 25, 2006, the district court addressed the claims raised in the petitioner's third petition. In the third petition, the petitioner challenged the Board's denial of his request for parole arguing that said denial violated the *Ex Post Facto Clause* of the United States Constitution. Specifically, the petitioner argued that the 1996 amendment to 61 Pa.C.S.A. §331.1 constituted a change in Pennsylvania law by placing considerations of public safety above those of the incarcerated individual. He further argued that he had been individually disadvantaged by the enactment of the Act of October 11, 1995, P.L. 1058, which amended §9714 of the Sentencing Code, 42 Pa.C.S. §9714, to add burglary as a "crime of violence" for mandatory minimum sentence purposes. The petitioner claimed, therefore, that the Act violates the *Ex Post Facto* Clause because the Board treated him differently for parole purposes because §9714 now defines his crime as a crime of violence. Ultimately, after a complicated procedural history, the district court determined that, with respect to the petitioner's claim that the application of amended §331.1 violated the *Ex Post Facto* Clause, that claim had been adjudicated on the merits in the state court. The court determined that the state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States and, even if it had, citing to Winklespecht v. Pa. Board of Probation and Parole, 813 A.2d 688

5

(Pa. 2002), and a line of cases from the Middle District rendered thereafter, the petitioner's *ex post facto* claim regarding §331.1 was without merit. The petition was therefore denied insofar as it claimed that the Board violated the *Ex Post Facto* Clause by utilizing the amended §331.1.

With respect to the petitioner's *ex post facto* claim regarding his classification as a violent offender, the district court determined that this claim was also adjudicated on the merits in the state court and, again, the state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. At the time of the petitioner's conviction, the court noted that the Parole Act permitted the Board to make parole decisions either by a majority of the entire Board or "in panels of two persons . . . consist[ing] of one Board member and one hearing examiner or of two board members." 61 Pa.C.S.A. §331.4(b). In his petition, the petitioner argued that the Board had a practice of requiring that three Board members vote on all violent offender cases, while non-violent offender cases can be voted on by a two person panel. The court noted that each of the petitioner's parole reviews, from 2000 to 2005, were made by a two-person panel, rather than by a majority vote of the entire Board or by a three-member vote. Therefore, the court found that the petitioner had not explained how his alleged classification as a violent offender by the Board had increased his risk

6

of greater punishment. The petition was, therefore, denied on this basis as well.

The petitioner appealed the decision of the district court and, on appeal, the Third Circuit determined that because the petitioner's May 2, 2003 petition constituted a second or successive petition, the district court lacked subject matter jurisdiction to entertain the petition. In so finding, the Third Circuit noted that the petition was based on *ex post facto* violations which, if present, would have occurred at each of the petitioner's parole hearings, and which he was aware of and, in fact, raised in state court proceedings in 2002. Because the petitioner presented no legitimate excuse for failing to raise his *ex post facto* claims in his prior petitions filed in federal court, the Third Circuit held that the third petition constituted a successive petition within the meaning of §2244. While the petitioner argued that the district court nonetheless had jurisdiction under an exception to §2244, the Third Circuit noted that the petitioner did not satisfy 2244's procedural requirements, in that he had failed to seek authorization from the Third Circuit prior to filing his successive petition in the district court. As such, the court determined that §2244 deprived the district court of subject matter jurisdiction to hear the petitioner's *ex post facto* claims. The Third Circuit vacated the judgment of the district court and remanded the cause with directions for the court to dismiss the petition for lack of subject matter jurisdiction as the petition was a second or

successive petition.

On June 27, 2016, the petitioner filed the instant §2254 petition, his fifth, challenging the Board's latest, March 2, 2016, decision to deny him parole. (Doc. 1). In response to Judge Saporito's orders to show cause, (Doc. 8, Doc. 12), the respondents filed a motion to dismiss the petition for lack of subject matter jurisdiction arguing that it is a second or successive petition under §2244.[4]

The petitioner sets forth three claims in support of the instant petition which he refers to as "counts". First, the petitioner argues that the Board violated his due process rights by continuing to consider his expired sentences as active, current sentences. Specifically, the petitioner argues that all of his sentences were imposed to run consecutively, with his first IOC sentence running from December 16, 1994 and expiring December 16, 2000, his second IOC sentence running from December 16, 2000 and expiring December 16, 2006, and his burglary sentence running from December 16,

---

[4]The petitioner challenges the fact that the respondent filed a motion to dismiss the petition as second or successive, as opposed to filing an answer with supporting record materials in accordance with Rule 5 of the Rules Governing Section 2254 Proceedings as directed by the court in its initial order to show cause. However, it is not uncommon in habeas proceedings for a respondent to initially file a motion to dismiss a petition where it is believed that the petition can be disposed of on procedural grounds. If the court disagrees that the case can be disposed of on procedural grounds, the respondent is then directed to file a formal answer to the petition with record materials and the court will proceed to consider the case on the merits.

8

2006 and expiring December 16, 2026. By aggregating these consecutively imposed sentences and listing one all-inclusive minimum and maximum sentence, which seems to indicate that all of his sentences are still considered "active", the petitioner argues that the respondents are violating his due process rights.[5] Further, the petitioner argues that the Board's actions constitute double jeopardy because the Board is using expired sentences as active sentences to make parole decisions, with the "undeniable outcome" being that those actions cause the petitioner to serve multiple terms of incarceration for the same offense.[6]

---

[5]The court notes that the petitioner's Sentence Status Summary, (Doc. 3, Ex. E), clearly identifies the minimum and maximum term of each individual sentence and designates each of the sentence types as consecutive. The court in Abraham v. Dep't of Corrections, 615 A.2d 814 (Pa.Cmwlth. 1992), recognized that aggregation of all consecutive sentences was mandatory under 42 Pa.C.S.A. §9757, which states that when a Pennsylvania state court determines that a criminal sentence should be served consecutively to one being then imposed by the court or to another sentence previously imposed, the court shall indicate the "minimum sentence to be served for the total of all the offenses with respect to which the sentence is imposed." Although the Pennsylvania Supreme Court partially overruled Abraham in Commonwealth v. Tilghman, 673 A.2d 898 (Pa. 1996), that portion of Abraham holding that consecutive sentences must be aggregated remained unchanged. Thus, the Department of Corrections acted in accordance with Pennsylvania state law when it aggregated the petitioner's consecutive sentences.

[6]Courts considering the issue have found that the aggregation of state sentences by the Department of Corrections, which is in accordance with Pennsylvania state law, does not violate the prohibition against double jeopardy. See e.g., Wilson v. Wynder, 2006 WL 1412777 (M.D.Pa., May 23,
(continued...)

Next, the petitioner maintains that he has met the parole criteria for a non-violent offender and that his classification as a violent offender constitutes a due process violation.

Finally, the petitioner argues that the Board's latest 2016 parole determination is unconstitutional for a number of reasons. Initially, the petitioner argues that the Board has arbitrarily and without substantive cause cited reasons for denying him parole which are inconsistent with prior Board determinations. Specifically, the petitioner argues that Board records contain newly-cited negative recommendations by the prosecuting attorney which only arose after the petitioner sought contact with his adult children through available court procedures.

Further, the petitioner argues that the Board cited the following in support of its latest denial of parole:

> Your risk and needs assessment indicating your level of risk to the community.
> Reports, evaluations and assessments/level of risk indicates your risk to the community.

The petitioner argues that these reasons for denial were made upon the petitioner's improper classification as a violent offender. The petitioner argues that the numerical score on his guidelines form recommended release since 2004 and that it is only because of his wrongful classification as a violent

---

[6](...continued)
2006).

offender that he is being denied parole.

In addition, the petitioner argues that the Board's denial based upon his "failure to demonstrate motivation for success" is inconsistent with prior Board determinations and with his prior employment history. The petitioner maintains that he has over 20 years of employment as an engineer, surveyor, and manager, as well as technical skills as a machinist/toolmaker and welder, and degrees in engineering, mathematics and management. In the DOC, the petitioner indicates that he has been employed within machine shops, power plants, auto shops, and water/sewage treatment plants, as well as on a community work detail, and in all positions has maintained excellent work assessments. Thus, the petitioner argues that the Board's decision based on the fact that he does not demonstrate motivation for success is arbitrary and capricious and was motivated by the fact that he has challenged prior parole decisions on the basis that he was wrongly classified as a violent offender.

The petitioner also challenges the Board's latest decision to postpone reviewing him again for parole until 2020, instead of yearly as had taken place previously.[7] The petitioner argues that the only significant event which could have influenced the increase in the parole setback period is the Third Circuit's opinion addressing his challenge to his reclassification as a violent offender.

---

[7]Despite this challenge, the petitioner indicates in his filings that he was scheduled to be interviewed again in August 2017. (Doc. 26, p. 5).

Finally, the petitioner challenges the Board's reasons for denial reflecting:

> Your minimization of the nature and circumstance(s) of the offense(s) committed.
> Your lack of remorse for the offense(s) committed.

The petitioner claims that these also were determined with the petitioner classified as a violent offender.

In their motion to dismiss the instant petition, the respondents argue that the petitioner is, once again, challenging his classification as a violent offender. This time, however, the respondents argue that the petitioner is arguing that the Board violated the Due Process Clause and the Double Jeopardy Clause, as opposed to the previously argued *Ex Post Facto* Clause. The respondents argue that the claims raised in the instant petition could have been raised previously and therefore the instant petition is a second or successive petition. Even if it could be argued that the claims in his prior petitions were different from the claims raised in the instant petition, the respondents argue that §2244(b)(2) still provides that the petitioner must apply first to the Third Circuit for an order authorizing the district court to consider the successive petition. See 28 U.S.C. §2244(3)(A). Since the petitioner has failed to do so, the respondents argue that the instant action should be dismissed.

In considering the respondents' motion to dismiss, Judge Saporito

12

determined that the instant petition essentially raises the same claims as did the petitioner's third and fourth petitions, framed this time as substantive due process and double jeopardy claims. Judge Saporito determined that the factual basis of the petitioner's claims remained the same, i.e., the adoption of the procedural rule in 1996 that effectively reclassified the petitioner as a violent offender for parole purposes based on his 1994 burglary offense. Because the petitioner knew of the facts necessary to raise his claims in previously filed federal petitions, Judge Saporito agreed that the instant petition is a second or successive petition and that the court lacks subject matter jurisdiction over the petition in the absence of pre-authorization by the Third Circuit. Judge Saporito therefore recommends that the respondents' motion to dismiss be granted and that the petition be dismissed for lack of subject matter jurisdiction, without prejudice to the petitioner's right to seek pre-authorization from the Third Circuit under §2244(b)(3). Judge Saporito further recommends that the court decline to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c)(2). The petitioner has filed objections to Judge Saporito's report. (Doc. 26).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his objections, the petitioner does not challenge Judge Saporito's report with respect to the first two claims raised in the petition. Instead, the petitioner challenges Judge Saporito's report only with respect his findings on the third claim raised in the petition. The petitioner argues that this claim presents the same substantive due process claim regarding changing and arbitrary standards for parole as was examined by the Third Circuit in

Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003), and more recently in Barnes v. Wenerowicz, 20 F.R.D. 206 (E.D.Pa. 2012). As discussed above, the petitioner argues in this part of his petition that the 2016 denial of parole violated his due process rights because the reasons for denial were arbitrary and capricious for a number of reasons. However, the petitioner essentially continues to argue that the basis for the arbitrary and capricious denial is the improper classification of him as a violent offender. The petitioner simply recouches his argument as a due process claim versus an *ex post facto* claim as argued in his prior petitions. Although the 2016 parole denial that the petitioner is currently challenging occurred after his prior petitions, the factual basis for the instant petition is, as argued by the respondents and recognized by Judge Saporito, one which could have been raised previously relating to his classification as a violent offender. Thus, the court agrees that the instant petition is a second or successive petition over which the court does not have subject matter jurisdiction and should be dismissed as such.

The petitioner also objects to Judge Saporito's report to the extent that it is recommended that the court decline to issue a certificate of appealability. A court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing is satisfied when the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). The undersigned has concluded that the instant action does not warrant habeas relief. The court finds that reasonable jurists would not find this conclusion to be debatable. Accordingly, the court will adopt the recommendation of Judge Saporito and not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473 (2000).

As a final matter, after the issuance of Judge Saporito's report, on July 10, 2017, the petitioner filed a motion for judgment on the pleadings, (Doc. 23), followed by a motion for leave of court on July 27, 2017, (Doc. 28), a second motion for appointment of counsel on July 31, 2017, (Doc. 30), and a motion to conduct discovery. In light of the instant memorandum, the petitioner's motions will be dismissed.

An appropriate order shall issue.

                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**Date: September 29, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1312-01.wpd